**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Harvey Pratt


     v.                          Civil No. 05-cv-191-JD

Stephen Curry, Commissioner,
New Hampshire Department of
Corrections, et al.

### O R D E R

    Before the court for preliminary review is Harvey Pratt's
*pro se* petition for a writ of habeas corpus (document no. 1)
filed pursuant to 28 U.S.C. § 2254.  See Rule 4 of the Rules
Governing § 2254 Proceedings ("§ 2254 Rule") (requiring initial
review to determine whether the petition is facially valid); see
also United States District Court for the District of New
Hampshire Local Rule 4.3(d)(2) (authorizing the magistrate judge
to preliminarily review *pro se* pleadings).  As discussed herein,
I find that the petition does not at this time make a facially
sufficient showing that Pratt is entitled to relief.  I order
that this petition be stayed and that Pratt be given the
opportunity to amend his petition to demonstrate exhaustion of
the claims raised therein.

### Standard of Review

Under this Court's local rules, when an incarcerated plaintiff commences an action *pro se* and *in forma pauperis*, the magistrate judge is directed to conduct a preliminary review. LR 4.3(d)(2).  In conducting the preliminary review, the Court construes *pro se* pleadings liberally.  <u>See</u> <u>Ayala Serrano v. Lebron Gonzales</u>, 909 F.2d 8, 15 (1st Cir. 1990) (following <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976) to construe *pro se* pleadings liberally in favor of the *pro se* party).  "The policy behind affording *pro se* plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled."  <u>Ahmed v. Rosenblatt</u>, 118 F.3d 886, 890 (1st Cir. 1997), <u>cert. denied</u>, <u>Ahmed v. Greenwood</u>, 522 U.S. 1148 (1998).

At this preliminary stage of review, all factual assertions made by the plaintiff and inferences reasonably drawn therefrom must be accepted as true.  <u>See</u> <u>Aulson v. Blanchard</u>, 83 F.3d 1, 3 (1st Cir. 1996) (stating the "failure to state a claim" standard of review and explaining that all "well-pleaded factual averments," not bald assertions, must be accepted as true).  This review ensures that *pro se* pleadings are given fair and

2

meaningful consideration.  See Eveland v. Dir. of C.I.A., 843
F.2d 46, 49 (1st Cir. 1988).

<u>Background</u>

Pratt was convicted on August 16, 2001, after a jury trial,
of interfering with the custody of a minor in violation of N.H.
Rev. Stat. Ann. ("RSA") 633:4.  The indictment charging him
alleged that Pratt knowingly enticed a female under the age of
eighteen from the state of New Hampshire to the state of
Massachusetts, having no custody rights over her and with the
intent to conceal her from her parent or guardian.  Pratt was
sentenced to a two to six year term in the New Hampshire State
Prison.  Pratt alleges that at the time of the offense, the
female minor in question was a resident of Pennsylvania, where
she lived in the primary physical custody of her mother, but was
visiting her father who lived in New Hampshire, who had
visitation rights granted by Pennsylvania courts.

After Pratt's conviction, his trial attorney filed a notice
of appeal with the New Hampshire Supreme Court ("NHSC"), raising
two issues: the sufficiency of evidence on the concealment
element of the crime of interference with custody, and an
evidentiary issue related to the trial court's admission of

3

hearsay testimony.  Pratt's court-appointed appellate counsel briefed only the sufficiency of the evidence issue for presentation to the NHSC.  Pratt's conviction was affirmed by the NHSC in an unpublished opinion on November 6, 2002.

On December 18, 2003, Pratt filed a *pro se* motion for a new trial in the trial court, raising a number of issues.  Counsel was appointed to represent Pratt on his motion for a new trial. Counsel for Pratt filed a supplemental pleading highlighting certain issues that had been previously raised.  The motion for new trial was denied on August 20, 2004.  Pratt's appointed counsel refused to file a motion to reconsider.  Pratt attempted to file a *pro se* motion to reconsider but the court would not accept it since Pratt was represented by counsel.  Pratt's appointed counsel filed a notice of appeal in the NHSC after the denial of the motion to reconsider raising two issues: a challenge to the trial court's statutory interpretation and to the sufficiency of the evidence at trial.  Pratt also filed a *pro se* notice of appeal raising several additional issues.  The NHSC declined both notices of appeal in February 2005.[1]

---

[1]Although the petition is not entirely clear on the chronology of Pratt's post-conviction litigation, it appears that during the pendency of the motion for new trial litigation, Pratt

In his instant petition, Pratt presents twenty-five claims
which he asserts entitle him to federal habeas relief.[2]  Pratt
alleges that the following three issues were raised in the trial
court during his new trial litigation and in his notices of
appeal to the NHSC which were declined in February 2005:

   1.   The conviction was obtained in the absence of a
        valid custody order issued or adopted by the state
        of New Hampshire so New Hampshire has no
        jurisdiction over the prosecution under state law,
        and the conviction therefore violates Pratt's
        rights under the Due Process Clause and the
        Fourteenth Amendment of the federal constitution;

   2.   The conviction was obtained in the absence of any
        jurisdiction granted by federal statutes dealing
        with matters related to child custody and applied
        to the states through the federal constitution's
        supremacy clause;

   3.   The conviction was obtained in violation of state
        and federal statutes when the prosecution
        introduced evidence of Pratt's prior bad conduct
        to demonstrate his bad character;

_____

was also involved in litigation regarding his sentence which
resulted in Pratt being resentenced on July 21, 2004 to two to
six years in prison.  Pratt filed a notice of appeal regarding
this ruling in the NHSC which was declined on September 15, 2004.
It does not appear that any issues raised in the resentencing
litigation are raised as claims in the instant petition.

   [2]These twenty-five claims will be considered to be the
claims raised in this petition for all purposes.  If Pratt
objects to the identification of the claims herein, he must do so
by properly moving to amend his petition or by proper objection
to this Report and Recommendation.

Pratt has alleged that the notice of appeal of these three issues included copies of the pleadings raising these claims and the federal nature of these claims.  However, to date, the only document Pratt has provided to the Court regarding the NHSC proceedings following the motion for new trial is a denial of a motion to reconsider the declination of appeal issued by the NHSC on April 27, 2005.

Pratt has also raised the following twenty-one claims alleging that his trial and appellate counsel were ineffective, thus depriving him of his Sixth Amendment right to counsel:

4. Trial counsel failed to know the law;

5. Trial counsel failed to file motions *in limine*;

6. Trial counsel failed to file motions to suppress illegally obtained evidence;

7. Trial counsel failed to meaningfully challenge the state's case against petitioner;

8. Trial counsel failed to cross-examine a state's witness;

9. Trial counsel failed to object to the inflammatory opening and closing arguments made by the prosecutor;

10. Trial counsel failed to object to a variance between the indictment and the evidence presented at trial;

6

11.  Trial counsel failed to object to the degree of
     specificity in the indictment;

12.  Trial counsel failed to object to the jury
     instructions;

13.  Trial counsel failed to give proper jury
     instructions to either the judge or the jury;

14.  Trial counsel failed to investigate the case;

15.  Trial counsel failed to provide a defense witness;

16.  Trial counsel failed to call an expert witness;

17.  Trial counsel failed to raise the issue of whether
     the trial court had jurisdiction over this case;

18.  Trial counsel failed to object to prosecutorial
     misconduct;

19.  Trial counsel failed to raise and preserve
     meritorious issues for appeal;

20.  Trial counsel made illogical and incomprehensible
     remarks on the record, and acted with
     inappropriate paranoia toward the trial court,
     thus failing to advocate on petitioner's behalf;

21.  Appellate counsel failed to know the law;

22.  Appellate counsel failed to raise meritorious
     issues in petitioner's direct appeal that were
     preserved in the record;

23.  Appellate counsel failed to brief the hearsay
     claim in the notice of appeal;

24.  Appellate counsel failed to raise the issue of
     whether the trial court had jurisdiction over the
     criminal matter;

Pratt has not attached any documents to his petition indicating whether or how the federal nature of these claims were presented to the NHSC for consideration.

Finally, Pratt raises the following claim, presumably alleging a violation of his Due Process rights:

> 25.  The state criminal statute Pratt was charged with violating, RSA 633:4, is unconstitutionally vague and his conviction is therefore invalid.

This issue was raised during the motion for new trial litigation and ultimately appealed to the NHSC.  The NHSC declined the appeal.  No documentation has been presented to this Court to demonstrate how or whether the federal nature of this claim was presented to the NHSC.

Discussion

1.  <u>Custody and Exhaustion</u>

To be eligible for habeas relief, Pratt must show that he is both in custody and has exhausted all state court remedies or that he is excused from exhausting those remedies because of an absence of available or effective state corrective process.  <u>See</u> 28 U.S.C. § 2241 and § 2254(a) & (b); <u>see</u> <u>Braden v. 30th Jud. Cir. Ct. of Ky.</u>, 410 U.S. 484, 489-92 (1973); <u>Benson v. Super. Ct. Dep't of Trial Ct. of Mass.</u>, 663 F.2d 355, 358-59 (1st Cir.

8

1981).  Pratt satisfies the first requirement as he is currently serving his sentence at the New Hampshire State Prison and is thus in custody.  However, the petition does not establish satisfaction of the exhaustion requirement.

A petitioner's remedies in New Hampshire are exhausted when the State's highest court has had an opportunity to rule on the petitioner's federal constitutional claims.  See Lanigan v. Maloney, 853 F.2d 40, 42 (1st Cir. 1988), cert. denied, 488 U.S. 1007 (1989) ("habeas corpus petitioner must have presented the substance of his federal constitutional claim to the state appellate courts so that the state had the first chance to correct the claimed constitutional error"); see also Picard v. Connor, 404 U.S. 270, 275 (1971) (requiring petitioner to have fairly presented the federal nature of his claims to the state courts to give them the first opportunity to remedy the claimed constitutional error).

While Pratt has provided some documentation that his post-conviction litigation occurred and was appealed to the NHSC, and he has alleged that some of the issues presented here were presented to the state courts, he has not provided any documentation or specific information that will allow this Court

to conclude that the claims raised here, including the federal
nature of the claims, have been properly exhausted in the state
courts to allow the petition to proceed at this juncture.   In
order to proceed with his current habeas petition, Pratt must
amend his petition to include, for each claim presented in his
petition, documentation, including motions, petitions, notices of
appeal, briefs, or other pleadings showing that the precise
federal nature of the issues presented here were in fact
presented in the state courts.   See Smith v. Digmon, 434 U.S.
332, 333 (1978) (listing documents which would enable a federal
court to determine whether the grounds supporting the habeas
petition had been presented for review in the state courts).
Pratt may have to return to the state courts to fully present
these claims, and the federal nature of those claims, in those
courts before he can make the required amendment to his current
petition.[3]

_____

[3]If Pratt determines that some, but not all, of his claims
have already been exhausted, he may elect to proceed only on the
exhausted claims by amending his petition to include only
exhausted claims.  Should Pratt choose to proceed in this manner,
he will still have to demonstrate exhaustion of each claim upon
which he intends to proceed.  Should Pratt elect to forego his
unexhausted claims, he is cautioned that he would likely be
barred from later presenting the unexhausted claims in a
subsequent habeas petition by virtue of 28 U.S.C. § 2244's

2.   <u>Stay</u>

A mixed petition is one in which some, but not all, of the claims presented have been exhausted.  The Supreme Court has recently decided that a district court should stay a mixed petition containing both exhausted and unexhausted claims if the petitioner "has good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics."  <u>Rhines v. Weber</u>, 125 S.Ct. 1528, 1531 (2005); <u>see</u> <u>also</u> <u>Duncan v. Walker</u>, 533 U.S. 167, 182-83 (2001) (Stevens, J., concurring) ("There is no reason why a district court should not retain jurisdiction over a meritorious claim and stay further proceedings pending the complete exhaustion of state remedies.").  Staying unexhausted claims is "the preferable course in many cases involving 'mixed' petitions – and it may be the only appropriate course in cases in which an outright dismissal threatens to imperil the timeliness of a collateral attack."  <u>Neverson v. Bissonnette</u>, 261 F.3d 120, 126 n.3 (1st Cir. 2001); <u>see</u> <u>also</u> <u>Delaney v. Matesanz</u>, 264 F.3d 7, 14 n.5 (1st

---

prohibition against second or successive petitions.  <u>See</u> <u>Pratt v. United States</u>, 129 F.3d 54, 56-58 (1st Cir. 1997).

Cir. 2001) (recommending staying exhausted claims where "there is a realistic danger that a second petition, filed after exhaustion has occurred, will be untimely").

I cannot, on the facts presented, conclusively determine that dismissal of this petition will not imperil the timeliness of any claims that may have been exhausted.  Further, liberally construing the petition as I must, I find that while petitioner has not at this time made a specific showing of good cause for his failure to exhaust the federal nature of his claims, he has demonstrated a substantial effort to exhaust his claims in state court and, being a *pro se* litigant, it stands to reason that Pratt may simply not have realized the necessity of raising federal grounds for each claim presented.  <u>See</u> <u>Rhines</u>, 125 S.Ct. at 1536 (Stevens, J., concurring) (the "good cause" requirement should not be read "to impose the sort of strict and inflexible requirement that would trap the unwary *pro se* prisoner." (internal citation omitted)); <u>see also</u> <u>id.</u> (Souter, J., concurring) (*pro se* habeas petitioners do not come well trained to address tricky exhaustion determinations).  It may also be the case that Pratt has raised the federal nature of some or all of his claims in state court pleadings that have not yet been

12

presented to this Court.

Further, I cannot conclude at this stage of the proceedings that Pratt's claims, if true, could not present meritorious challenges to his conviction and/or sentence.  I further find that there is nothing before the Court to indicate that "the petitioner engaged in intentionally dilatory litigation tactics" either in pursuing his claims in the state courts or in this Court.  Rhines, 125 S.Ct. at 1531.  Under these circumstances, the proper course of action is to stay this petition pending the exhaustion of all of the claims and compliance with this Order.

Conclusion

Pratt is ordered to amend his petition within thirty days of the date of this Order to demonstrate exhaustion of the claims. Alternatively, Pratt must advise the court within thirty days of the date of this Order that he is returning to the state courts to exhaust unexhausted claims, in which case the matter will be stayed and Pratt will be given the opportunity to complete exhaustion of his claims in the state courts and then to demonstrate exhaustion in this court once his claims are exhausted.  Pratt must commence state court action to exhaust the unexhausted claims within thirty days of the date of this Order.

13

Once the petition is stayed to allow Pratt to exhaust his
claims, Pratt is ordered to contact this Court every 90 days
while seeking exhaustion of his claims, beginning 90 days from
the date of the Order staying his petition, to notify the Court
that the matter is still pending in the state courts and has not
been decided, or to report any change in the status of the state
court proceedings.  When the NHSC has ruled on his claims, and
the claims are thus exhausted, Pratt must, within 30 days of
being notified of the Supreme Court's final ruling, notify this
Court of that ruling, submit to this Court the New Hampshire
Supreme Court's ruling, as well as all briefs or other pleadings
filed in that court, and file a request that this Court further
consider his petition.[4]

Failure to amend his petition to demonstrate timeliness and
to notify the Court of his intentions as to how he wishes to
proceed with his unexhausted claims, or failure to comply with
the notification requirements of this Order may result in the

---

[4]Pratt would be well-advised to submit all of the relevant
pleadings, notices of appeal, court decisions and other documents
relevant to each of his claims demonstrating that the claims and
the federal nature of the claims were in fact presented to the
state courts as alleged in his amended petition notifying this
Court that exhaustion has been completed.

14

dismissal of the petition for failing to demonstrate exhaustion of all of the claims presented.[5]

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date:      July 13, 2005

cc:        Harvey Pratt, *pro se*

_____

[5]If this petition were to be dismissed for failing to demonstrate exhaustion, the dismissal would be without prejudice as it would be procedural and not based on the merits of Pratt's claims.  See Slack v. McDaniel, 529 U.S. 473 (2000).

15