UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Harvey Pratt

    v.                                Civil No. 05-cv-191-JD

Warden, Northern New Hampshire
Correctional Facility


O R D E R

Harvey Pratt, who is proceeding pro se, seeks relief through a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, from his conviction and sentence on a charge of interfering with the custody of a minor in violation of New Hampshire Revised Statutes Annotated ("RSA") § 633:4. In his amended petition, Pratt brings claims of prosecutorial misconduct, judicial bias, ineffective assistance of counsel, and a lack of jurisdiction. The warden moves for summary judgment. Pratt moves to strike the factual statement in the warden's motion and also filed a response to the motion for summary judgment.

I.  Motion to Strike Factual Background

Pratt challenges the factual statement in the warden's motion for summary judgment on the grounds that the facts are contested and are more unfairly prejudicial than probative. Only undisputed material facts are considered for purposes of summary judgment. Fed. R. Civ. P. 56(c). To the extent Pratt provides a properly supported opposition to the contested facts presented in

the warden's motion and to the extent any of the facts stated by the warden are not material, they will not be considered for purposes of summary judgment.  Further, because summary judgment must be based on the undisputed facts of record, factfinding is not part of the summary judgment process, making Federal Rule of Evidence 403 inapposite here.  The motion is denied.

II.   Motion for Summary Judgment

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  "[A] determination of a factual issue made by a State court shall be presumed to be correct[, and] [t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).  Further, [i]if the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless [specified conditions are met.]"  § 2254(e)(2).

A.   Background

Pratt met Jamie through the Internet.  Jamie said that she was sixteen, when she was actually fourteen, and Pratt was

thirty-three.  Pratt lived in Quincy, Massachusetts, and Jamie lived with her father and step-mother in Londonderry, New Hampshire.

On February 10, 2000, Jamie called Pratt and told him she wanted to leave home and live with him.  Pratt told her to get as far from home as possible and that he would pick her up.  Jamie hitchhiked from her home to the Mall of New Hampshire in Manchester.  Pratt drove to Manchester and picked Jamie up at a KMart near the Mall.

Pratt drove Jamie to his apartment in Quincy.  Jamie testified that Pratt gave her money, kissed her, discussed having sex with her, gave her beer and offered her other alcohol, and told her to tell his roommate and anyone else at the apartment that she was eighteen.  He also offered Jamie his telephone to call home, but Jamie did not use it.  When Jamie's father found she was missing, he contacted police.  With information from Jamie's step-sister, the police found Jamie at Pratt's apartment.  Jamie's father drove to Quincy to pick her up and provided her computer to the police who sent it to the Federal Bureau of Investigation for analysis.[1]

Pratt was indicted in September of 2000 on one count of interference with custody.  He was tried and found guilty on

---

[1]The FBI found messages sent by Pratt to Jamie that indicated he told her he was twenty-five and liked younger women and that suggested she was planning with him to leave home.

August 14-15, 2001.  Pratt appealed on the ground that the evidence was insufficient to support his conviction.  The New Hampshire Supreme Court affirmed his conviction without a published decision.  Pratt then filed pro se motions to amend his sentence, for a new trial, and to quash the indictment.  Counsel were appointed to represent Pratt on the motions to amend sentence and for a new trial, and the motion to amend sentence was granted on appeal.  After a hearing, Pratt was resentenced, but his motions for a new trial and to quash the indictment were denied.  The supreme court declined Pratt's appeals.

B.  <u>Habeas Standard</u>

"When a claim is adjudicated on the merits in state court proceedings, the petitioner must show that the decision of the state courts was either 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or . . . that [the decision] was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding[s].'"  <u>Allison v. Ficco</u>, 388 F. 3d 367, 369 (1st Cir. 2004) (quoting § 2254(d)(1),(2)).  "If his claim was not adjudicated on the merits in the state court proceedings, then we review the claim de novo."  <u>Lavallee v. Coplan</u>, 374 F.3d 41, 44 (1st Cir. 2004).

The claims that Pratt alleges in support of his petition for habeas relief were raised in his motions for a new trial and to quash the indictment, which were considered together by the state court. The state court addressed several of the claims with a reasoned analysis and then summarily denied the remainder as follows:

> The Court has also considered the remainder of defendant's claimed errors, including prosecutorial misconduct, bias of the trial judge, juror bias, and other bases for ineffective assistance of counsel. The Court finds these allegations are not supported by the record and are otherwise without merit.

State v. Pratt, 00-S-1624 (Rockingham County Sup. Ct. Aug. 20, 2004). Pratt moved, pro se, for reconsideration, which the court denied, because he filed it pro se while he was represented by counsel. The New Hampshire Supreme Court declined to review Pratt's appeal and denied his motion for reconsideration.

The warden contends that the state court adjudicated all of Pratt's claims on the merits in the decision denying the motion for a new trial, entitling that decision to deferential review on all claims. The state court's summary denial of the majority of the claims without any supporting analysis or reasoning raises a question of what constitutes "adjudication on the merits" for purposes of deferential review under § 2254(d).

The First Circuit applies deferential review, under

§ 2254(d), to federal habeas issues that the state court actually addressed, decided, or resolved. See, e.g., Lynch v. Ficco, --- F.3d ---, 2006 WL 336218, at *6 (1st Cir. Feb. 15, 2006); Coplan v. Dugas, 428 F.3d 317, 327 (1st Cir. 2005); Allison, 388 F.3d at 369; Horton v. Allen, 370 F.3d 75, 80 (1st Cir. 2004); Watkins v. Murphy, 292 F.3d 70, 75-6 (1st Cir. 2002); Fortini v. Murphy, 257 F.3d 39, 47 (1st Cir. 2001). The state court's decision may be based on a state law standard that either incorporates or is more lenient than the federal standard, in which case it is the ultimate result and not the reasoning that is the focus of habeas review. McCambridge v. Hall, 303 F.3d 24, 35 (1st Cir. 2002); DiBenedetto v. Hall, 272 F.3d 1, 6 (1st Cir. 2001). "If the state court has not decided the federal constitutional claim (even by reference to state court decisions dealing with federal constitutional issues), then we cannot say that the constitutional claim was 'adjudicated on the merits' within the meaning of § 2254 and therefore entitled to the deferential review prescribed in subsection (d)." Id.

The First Circuit standard leaves a question in this case as to whether the state court adjudicated all of Pratt's claims on the merits when the court provided no reasoning or explanation as to the majority of the claims. Other circuits apply deference under § 2254(d) differently when the state court provides only a

summary decision without expressly addressing the federal issues raised by the prisoner.  See, e.g., Weaver v. Bowersox, --- F.3d ---, 2006 WL 345851, *4-*5 (8th Cir. Feb. 16, 2006) (citing and discussing cases from other circuits); Allen v. Ornoski, 435 F.3d 946, 955 (9th Cir. 2006) (discussing independent review standard); Muth v. Frank, 412 F.3d 808, 815-16 (7th Cir. 2005) (citing and discussing standards from other circuits); Webber v. Scott, 390 F.3d 1169, 1177 (10th Cir. 2004) (applying independent review standard).

    The warden does not adequately address the issue of whether the claims that were summarily denied by the state court were adjudicated on the merits.  Further, the warden's motion does not provide an adequate analysis under the deferential standard to support summary judgment.  That analysis must address each claim separately, cite the applicable federal law, and provide a developed theory as to why the state court decision meets that standard.  On the other hand, if the de novo standard applies to these claims, the warden must move for summary judgment based on that standard with appropriate citations to the record and the applicable law.

    In addition, the warden contends that Pratt's claims of prosecutorial misconduct were procedurally defaulted, based on Pratt's concession that his trial counsel did not object on that

ground at trial. The claims of prosecutorial misconduct were summarily denied by the state court, along with the majority of Pratt's claims, in denying his motion for a new trial. If the warden interprets that result to mean that the state court found that all of those claims were procedurally defaulted, then none were adjudicated on the merits. See, e.g., Graves v. Dretke, --- F.3d ---, 2006 WL 515485, at *4 (5th Cir. Mar. 3, 2006); DeBerry v. Portuondo, 403 F.3d 57, 67 (2d Cir. 2005).

If the warden interprets the record to show that only the claims of prosecutorial misconduct were procedurally defaulted, he has not demonstrated that he is entitled to summary judgment on that theory. The warden relies on the rule:

> "In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."

Lynch, 2006 WL 336218 at *6 (quoting Coleman v. Thompson, 501 U.S. 722, 750 (1991)). The procedural default rule applies when the state court refused to consider the petitioner's federal claim because he failed to satisfy state procedural requirements. Coleman, 501 U.S. at 729-30. The procedural default rule does not apply "[i]f the last state court to be presented with a

particular federal claim reaches the merits."  <u>Ylst v. Nunnemaker</u>, 501 U.S. 797, 801 (1991).  In other words, the rule only bars consideration of a claim when the state court made a decision, based on independent and adequate state law grounds, not to consider the claim.  <u>McCambridge</u>, 303 F.3d at 34.

Contrary to the warden's assertion of procedural default here, the state court did not refuse to consider Pratt's claim of prosecutorial misconduct, which was raised in his motion for a new trial.  In denying that motion, the state court found the claim to be meritless, without any mention of procedural grounds that would bar the claim.  Therefore, the warden's motion on the ground that Pratt procedurally defaulted his claim of prosecutorial misconduct is denied.[2]

The court will not consider the warden's motion with respect to the claims that were summarily denied by the state court.  As to those claims, the motion is denied without prejudice to filing a properly developed and supported motion for summary judgment, which motion shall be filed on or before **April 21, 2006**.

---

[2]In contrast, the state court ruled that Pratt waived his challenge to the application of RSA 633:4, in which he argued that the statute applies only to custodial disputes between parents, because he did not raise that claim before or during trial or on appeal.  Pratt does not appear to have included that issue as a claim in his habeas petition here.

C.  <u>Summary Judgment Motion as to Adjudicated Claims</u>

In the order denying Pratt's motion for a new trial, the state court provided a reasoned analysis of three of the ineffective assistance of counsel claims that Pratt raised. Those claims are that Pratt's trial counsel was constitutionally deficient first because he did not argue that the evidence was insufficient to show a violation of RSA 633:3; second, because the defense theory, focusing on concealment rather than enticement, was legally erroneous; and third, because counsel failed to introduce evidence of telephone bills and a message found on Jamie's computer.  The state court also addressed Pratt's jurisdictional challenge to his conviction.  The state court denied Pratt's motion for a new trial on those claims.

The state court's decision is reviewed as to each claim to determine whether it "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or whether the "decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." § 2254(d).  A state court's decision is contrary to clearly established law "if it applies a rule that contradicts the governing law set forth in our cases or if it confronts a set of facts that [is] materially indistinguishable from a decision

of this Court and nevertheless arrives at a result different from our precedent." Price v. Vincent, 538 U.S. 634, 640 (2003) (internal quotation marks omitted).

"Under the 'unreasonable application' prong of [§ 2254(d)], the petition may be granted if the state court 'identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Horton v. Allen, 370 F.3d 75, 80 (1st Cir. 2004) (quoting Williams v. Taylor, 529 U.S. 362, 413 (2000)). To be an unreasonable application of federal law, "the state court's decision must have been [not only] incorrect or erroneous [but] objectively unreasonable." Rompilla v. Beard, 125 S. Ct. 2456, 2462 (2005) (internal quotation marks omitted). A state court decision is neither contrary to nor an unreasonable application of federal law merely because it fails to cite federal cases. Early v. Packer, 537 U.S. 3, 8 (2002). In addition, "a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." § 2254(e)(1).

1.  Ineffective assistance of counsel.

Supreme Court jurisprudence examines claims of ineffective assistance of counsel under a two-pronged test, asking first whether counsel's "representation fell below an objective standard of reasonableness," and, if so, whether there was "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688 (1984).  The state court analyzed Pratt's claims under a state-law standard, State v. Henderson, 141 N.H. 615 (1997), "that mirrors the Sixth Amendment standards articulated in [Strickland]."  Dugas, 428 F.3d at 325-26.  Because the state court identified the correct legal standard and no Supreme Court cases are indistinguishable from this one on the facts, the state court decision on the ineffective assistance of counsel claims is not contrary to clearly established federal law.

   a.  Failure to object on insufficiency of the
       evidence grounds.

The state court found that Pratt's trial counsel was not deficient in failing to object that the evidence was insufficient to prove Pratt violated RSA 633:4 because the evidence was sufficient to support the verdict.  As such, the trial court

concluded that Pratt's trial counsel's representation was not deficient. The court did not reach the second prong of the analysis, concerning prejudice.[3]

Pratt argued in his motion for a new trial that the evidence was insufficient to support a conviction under RSA 633:4 because Jamie was living with her father, who did not have primary physical custody of her, when she left with Pratt.[4] In other words, Pratt claimed that his counsel was ineffective in failing to argue that Pratt had not violated RSA 633:4 by taking Jamie away from her father's custody because Jamie's mother, not her father, had primary physical custody.

The state court ruled that by taking Jamie to his apartment

---

[3] The warden mistakenly argues that the state court found no prejudice resulted from Pratt's trial counsel's representation. The warden shall pay more attention to detail.

[4] RSA 633:4, I, before amendment in 2005, provided:

> A person is guilty of a class B felony if such person knowingly takes from this state or entices away from this state any child under the age of 18, or causes any such child to be taken from this state or enticed away from this state, with the intent to detain or conceal such child from a parent, guardian or other person having lawful physical custody or physical custodial rights as described in RSA 458:17, IV.

RSA 458:17, IV explains that a parent with joint legal custody but not physical custody is not "deemed to have a right of primary physical custody under RSA 633:4."

in Massachusetts, Pratt took her away from the custody of both of her parents, so that counsel was not ineffective for failing to raise that issue. The state court's decision has not been shown to be erroneous, much less objectively unreasonable.

### b. Choice of defense.

The state court also ruled that Pratt's trial counsel was not deficient in pursuing a defense based on concealment because that was a reasonable tactical choice. In his challenge to his counsel's choice of defense tactics, Pratt cites the New Hampshire Supreme Court's unpublished decision in his direct appeal that held: "[U]nder RSA 633:4, I (Supp. 2002), the culpable act is not concealment, but rather enticement of the child from the State." State v. Pratt, Case No. 2001-748 (N.H. Nov. 6, 2002). He argued that his counsel was ineffective because he focused on the issue of concealment when enticement was the culpable act. The state court ruled that Pratt's trial counsel's decision to focus on concealment was a reasonable tactical decision because the evidence supported that theory.

The New Hampshire Supreme Court did not rule, as Pratt apparently believes, that concealment was not an element of the crime. Instead, the supreme court ruled that an affirmative act of concealment is not required to prove guilt under RSA 633:4,

because enticement is the culpable act while concealment is the required intent under the statute.  That is, the elements of RSA 633:4 are:  (1) knowingly (2) taking or enticing a child from the state (or causing that to happen), (3) when the child was under eighteen, and (4) with specific intent to conceal the child from a person with lawful physical custody.  See id.  The evidence cited by the state court in support of the ruling that Pratt's trial counsel was not deficient supports the conclusion that it was a rational tactical decision to focus on the issue of whether there was evidence sufficient to show that Pratt intended to conceal Jamie from her parents.  Therefore, the state court's decision is not an unreasonable application of the Strickland rule.

### c.  Documentary evidence.

Pratt also claimed that his trial counsel was deficient because he did not introduce documentary evidence to support trial testimony about telephone calls to him from Jamie and about Jamie's emotional problems and suicidal thoughts.  The state court ruled that because the same information was provided through testimony, Pratt's trial counsel did not err in failing to also introduce the documentary evidence.  Because federal law does not require counsel to introduce cumulative evidence, Pratt

15

has not shown that the state court's decision is objectively unreasonable or even wrong.  See Clark v. Mitchell, 425 F.3d 270, 286 (6th Cir. 2005);  Hall v. Luebbers, 296 F.3d 685, 693-94 (8th Cir. 2002); United States v. Jackson, 935 F.2d 832, 846 (7th Cir. 1991).

    2. Jurisdiction.

Under the jurisdictional heading in his habeas petition, Pratt asserts that RSA 633:4 is unconstitutionally vague, that jurisdiction was lacking because New Hampshire had not issued a custody order pertaining to Jamie, and that jurisdiction is not conferred on New Hampshire under RSA 633:4, the Parental Kidnaping and Prevention Act, or RSA 458-A, the Uniform Child Custody Jurisdiction Act.  The state court addressed only that aspect of Pratt's jurisdictional argument relating to whether RSA 633:4 extended jurisdiction to the circumstances of his case, which was raised in Pratt's motion to quash the indictment.  That is, Pratt claimed that New Hampshire lacked subject matter jurisdiction to prosecute him under RSA 633:4 because jurisdiction for the crime of interference with custody exists only in the state of residence of the person with primary physical custody.

The state court ruled that under RSA 624:4, I, New Hampshire

had jurisdiction to convict Pratt of interference with custody. RSA 624:4, I provides jurisdiction, in pertinent part, when "conduct which is an element of the offense or the result which is such an element occurs within this state," meaning that the state has jurisdiction to prosecute any crime committed at least partly in New Hampshire. See State v. Blackmer, 149 N.H. 47, 51 (2003). The state court found that both enticement and intent to conceal, elements of the offense of interference with custody, occurred in New Hampshire.

Pratt, however, did not raise a federal claim in his motion to quash the indictment. Instead, he argued under state law that RSA 633:4 applied only in cases of parental interference with custody and that the offense could be prosecuted only in the state of residence of the primary physical custodian. In response, the state court decided the jurisdictional issue exclusively on state law grounds. Therefore, the state court's decision, even if it were erroneous, is not reviewable in the context of habeas corpus.[5] Estelle v. McGuire, 502 U.S. 62, 67-8 (1991).

---

[5] Further, even if Pratt had raised a federal claim that New Hampshire's jurisdictional statute violated due process, it would have been futile. See Strassheim v. Daily, 221 U.S. 280, 284-85 (1911); 4 LaFave, Israel, and King, Criminal Procedure § 16.4(c) at 585-87 (2d ed. 1999).

<u>Conclusion</u>

For the foregoing reasons, the petitioner's motion to strike factual background (document no. 13) is denied.  The respondent's motion for summary judgment (document no. 12) is granted in part and denied in part as is more fully explained in this order.  To the extent the motion is denied, it is denied without prejudice to filing a properly developed and supported motion on or before **April 21, 2006,** unless the respondent is granted an extension of time for filing.

SO ORDERED.

　　　　　　　　　　　　　　　　　　／s／ Joseph A. DiClerico, Jr.
　　　　　　　　　　　　　　　　　　Joseph A. DiClerico, Jr.
　　　　　　　　　　　　　　　　　　United States District Judge

March 16, 2006

cc:  Harvey Pratt, pro se
　　　Nicholas P. Cort, Esquire