UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

<u>Harvey Pratt</u>

    v.                                    Civil No. 05-cv-191-JD

<u>Warden, Northern New Hampshire</u>
<u>Correctional Facility</u>

<u>O R D E R</u>

    Harvey Pratt moves for reconsideration of the order granting in part and denying in part the warden's motion for summary judgment on Pratt's petition for a writ of habeas corpus.  Pratt states that he contests certain facts "found" in that order and provides his affidavit in support of his version of the facts. His motion challenges evidence admitted at his criminal trial, argues that his counsel was ineffective for failing to challenge certain evidence, and contends that the state court lacked jurisdiction to prosecute him.

    A motion for reconsideration must be based on newly discovered evidence or manifest errors of law.  <u>Landrau-Romero v. Banco Popular de P.R.</u>, 212 F.3d 607, 612 (1st Cir. 2000).  Pratt has demonstrated neither.

    As explained in the summary judgment order, summary judgment is based upon the properly supported and undisputed material facts presented by the parties, not facts found by the court. <u>See</u> Fed. R. Civ. P. 56(c).  A material fact is one that "has the potential to change the outcome of the suit under the governing law" and a factual dispute is genuine if "the evidence about the

fact is such that a reasonable jury could resolve the point in favor of the nonmoving party."  <u>Grant's Dairy--Me., LLC v. Comm'r of Me. Dep't of Agric., Food & Rural Res.</u>, 232 F.3d 8, 14 (1st Cir. 2000).  Further, in the context of a habeas petition, "a determination of a factual issue made by a State court shall be presumed to be correct[, and] the applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).

Pratt's motion merely reiterates his disagreement with evidence presented at his criminal trial.  Those issues were raised and considered in the context of his objection to the warden's motion for summary judgment.  Therefore, he does not present grounds for reconsideration.


## Conclusion

For the foregoing reasons, the petitioner's motion for reconsideration (document no. 24) is denied.

SO ORDERED.

                                                *Joseph A. DiClerico, Jr.*
                                               Joseph A. DiClerico, Jr.
                                               United States District Judge

April 13, 2006

cc: Harvey Pratt, pro se
    Nicholas P. Cort, Esquire